```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────
MASON TENDERS DISTRICT COUNCIL OF
GREATER NEW YORK, on behalf of
itself and its constituent Asbestos,
Lead, and Hazardous Waste Local
No. 78,
                                            06 Civ. 14200 (JGK)
                Plaintiff,
                                            MEMORANDUM OPINION
        - against -                         AND ORDER

WTC CONTRACTING, INC. and JOHN
PEROTTI,

                Defendants.
───────────────────────────────────
WTC CONTRACTING, INC. and JOHN
PEROTTI, and DUNIA SOLIS,


            Counter-plaintiffs,

        - against -

MASON TENDERS DISTRICT COUNCIL OF
GREATER NEW YORK, on behalf of
itself and its constituent Asbestos,
Lead, and Hazardous Waste Local
No. 78 and EDISON SEVERINO in his
official and personal capacities,

            Counter-defendants.
───────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

The plaintiff and counter-defendant Mason Tenders District Council ("MTDC") of Greater New York, on behalf of itself and its constituent Asbestos, Lead, and Hazardous Waste Local No. 78 ("Local 78") (collectively, the "Union"), brings this action pursuant to Section 301 of the Labor Management Relations Act

1

("LMRA"), 29 U.S.C. § 185, to enforce the terms of a collective bargaining agreement ("CBA") against defendants and counter-plaintiffs WTC Contracting, Inc. ("WTC"), an alleged employer within the meaning of 29 U.S.C. § 152(2) and party to the CBA, and John Perotti, the president of WTC who allegedly executed the CBA in his personal and representative capacities.

In their answer, WTC and Perotti--together with counter-plaintiff Dunia Solis, Perotti's wife--assert five counterclaims under federal and state law against the Union and counter-defendant Edison Severino, an alleged "Business Agent" for the Union.  These counterclaims allege (1) that the Union engaged in conduct intended to coerce neutral business entities to sever business relations with WTC in violation of Section 8(b)(4) of the LMRA, 29 U.S.C. § 158(b)(4) ("First Counterclaim"); (2) a claim for intentional infliction of emotional distress because counter-defendant Severino allegedly induced the Union to engage in extreme and outrageous conduct to compel counter-plaintiff Solis to acquiesce in Severino's demands for sexual favors ("Second Counterclaim"); (3) a claim for assault and battery against Severino ("Third Counterclaim"); (4) a claim for tortious interference with contractual relations and prospective contractual relations against Severino and the Union ("Fourth Counterclaim"); and (5) a claim to hold the Union vicariously liable for Severino's alleged misconduct ("Fifth Counterclaim").

The counter-defendants dispute the underlying factual allegations in the counterclaims.  Moreover, the counter-defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss these counterclaims for failure to state a claim upon which relief can be granted.  See Cress v. Wilson, No. 06 Civ. 2717, 2007 WL 1686687, at *3-*4 (S.D.N.Y. June 6, 2007) (discussing the applicable standards on a motion to dismiss pursuant to Rule 12(b)(6)).  For the following reasons, the counter-defendants' motion to dismiss the counterclaims is **granted in part** and **denied in part**.[1]

**I.**

The counter-defendants argue that the First Counterclaim, which alleges a violation of the LMRA, should be dismissed because the counter-plaintiffs failed adequately to specify damages.  Section 303 of the LMRA provides for the recovery of damages for "[w]hoever shall be injured in his business or property by reason [of]"[2] a violation of, among other provisions, Section 8(b)(4).  29 U.S.C. § 187(b).  The counter-defendants

---

[1] The parties appear to agree that New York substantive law applies to the state law causes of action, and the Court accepts that agreement.  See Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc., 187 F.3d 229, 239 n. 4 (2d Cir. 1999); Tehran-Berkeley Civil & Envtl. Eng'rs v. Tippetts-Abbett-McCarthy-Stratton, 888 F.2d 239, 242 (2d Cir. 1989).

[2] Although the word "or" appears in place of "of" in the original, the Court reads this apparent typo as "of."  See 29 U.S.C. § 187 n.1.

argue that the phrase "by reason of" in Section 303 requires a claimant to plead special damages to state a valid cause of action.

The only authority that the counter-defendants offer to support this theory is a single memorandum opinion from a district court in the District of Columbia, which held only that the plaintiffs in that case had adequately pleaded special damages, without resolving or even addressing whether Section 303 <u>requires</u> an LMRA claimant to plead special damages to state a cause of action.  <u>See</u> <u>Oncore Construction, LLC v. Laborer's Int'l Union ECF of N. America, AFL-CIO</u>, No. 02-1634 (JDB), 2003 U.S. Dist. LEXIS 26760, at *13–*14 (D.D.C. Sept. 30, 2003).

The counter-defendants' sparse motion papers offer no additional cases or arguments to support their theory that the counter-plaintiffs are required to plead special damages with respect to the First Counterclaim.  In this case, the First Counterclaim alleges that the Union unlawfully interfered with WTC's relations with two separate businesses and that as a result of these unlawful disruptions, the Union caused damages to WTC in an amount of no less than $10,000 in each case. (Countercl. ¶¶ 31, 36.)  Although the phrase "by reason of" in Section 303 does require that there be a causal nexus between the alleged violation of the LMRA and any injury suffered, <u>see</u> <u>Betal Envtl. Corp. v. Local Union No. 78</u>, 162 F. Supp. 2d 246,

4

255 (S.D.N.Y. 2001), nothing in Section 303 suggests that the particularization of the injuries in this case was insufficient to state a claim upon which relief can be granted.  Therefore, the counter-defendants' motion to dismiss the First Counterclaim on this basis is **denied**.

**II.**

The counter-defendants also move to dismiss the state law counterclaims against the Union and counter-defendant Severino, in his official capacity, because the counter-plaintiffs failed to allege that the entire membership of the Union authorized in advance or subsequently ratified the allegedly unlawful conduct, as required by Martin v. Curran, 101 N.E.2d 683, 686 (N.Y. 1951) ("So, for better or worse, wisely or otherwise, the Legislature has limited such suits against association officers, whether for breaches of agreements or for tortious wrongs, to cases where the individual liability of every single member can be alleged and proven.").  See, e.g., Salemeh v. Toussaint, 810 N.Y.S.2d 1, 1-2 (App. Div. 2006) ("Intentional tort claims against Local 100 were properly dismissed because plaintiff security guard failed to plead that the entire membership of Local 100 authorized in advance, or subsequently ratified, the alleged assault upon him."); Duane Reade, Inc. v. Local 338 Retail, 794 N.Y.S.2d 25, 25 (App. Div. 2005); see also Hoesten v. Best, 821 N.Y.S.2d 40,

5

52-53 (App. Div. 2006) ("While the Martin rule has been the subject of considerable criticism, it remains the law of New York." (citations omitted)).

The counter-plaintiffs attempt to avoid the rule of Martin v. Curran by relying on a single memorandum decision from the First Department in Browne v. Int'l Bhd. of Teamsters, Local Union 851, which approved a jury instruction that a union could be liable for the acts of its members where violence or threats of violence had become an every day occurrence in a strike, authorized and approved by the union, and the union either openly encouraged the violence and threats or deliberately failed to check it or give orders countermanding it.  609 N.Y.S.2d 237, 238 (App. Div. 1994).  However, Browne does not undercut Martin's continuing vitality.

> To the extent that plaintiffs are arguing that Browne demonstrates that Martin is no longer good law . . . the court rejects their argument.  The Browne court did not discuss Martin.  In light of the substantial body of case law . . . that suggests Martin is still good law in New York, the Appellate Division's decision in Browne is not sufficiently definitive to persuade this court that Martin no longer applies.

Bldg. Indus. Fund v. Local Union No. 3, Int'l Bhd. of Elec. Workers, 992 F. Supp. 192, 194-95 (E.D.N.Y. 1996); see also Salemeh v. Toussaint, 799 N.Y.S.2d 164 (Table), 2003 WL 23945600, at *2 (Sup. Ct. June 20, 2003), aff'd as modified, 810 N.Y.S.2d 1 (App. Div. 2006).

Martin v. Curran applies here.  Therefore, because the counter-plaintiffs have failed adequately to allege that each member of the Union authorized or subsequently ratified the alleged torts, the counter-defendants' motion to dismiss the state law counterclaims against the Union and Severino, in his official capacity, is **granted**.[3]

### III.

Finally, the counter-defendants move to dismiss the Second, Third, and Fourth counterclaims against counter-defendant Severino in his personal capacity.

However, the Court lacks supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to consider the Third Counterclaim because that state law claim for assault and battery and the remaining LMRA claims over which the Court has original jurisdiction do not "'derive from a common nucleus of operative facts.'"  See Pro Bono Investments, Inc. v. Gerry, No. 03 Civ. 4347(JGK), 2005 WL 2429787, at *12 (S.D.N.Y. Sept. 30, 2005) (quoting City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 165 (1997)).  The Third Counterclaim for assault and battery is based on the actions of Severino in allegedly making sexual advances toward Dunia Solis.  As the counter-plaintiffs

---

[3] The Fifth Counterclaim is asserted only against the Union, and it seeks to hold the Union vicariously liable for Severino's alleged misconduct.  This counterclaim is plainly barred by Martin.

7

concede in arguing that the Third Counterclaim is not preempted by the LMRA, this counterclaim is completely independent of the remaining federal claims over which the Court has original jurisdiction.  The Third Counterclaim is therefore dismissed against Severino in his personal capacity for lack of jurisdiction.

The Second Counterclaim alleges intentional infliction of emotional distress.  But the substance of this claim is that Severino caused the Union to engage in extreme and outrageous conduct--namely interfering with WTC's relations with its customers--to compel Dunia Solis to acquiesce in Severino's alleged demands for sexual favors.  The Fourth Counterclaim asserts that Severino intentionally interfered with WTC's contractual relations and potential contractual relations.

However, both of these counterclaims as currently alleged are preempted because the core of these claims involves alleged conduct that the WTC argues is at least arguably prohibited as an unfair labor practice under the National Labor Relations Act ("NLRA") (specifically, Section 8(b) of the LMRA)--the Union's alleged interference with WTC's customer relationships.  See, e.g., Palm Beach Co. v. Journeymen's and Prod. Allied Servs. of America and Canada Int'l Union Local 157, 519 F. Supp. 705, 716 (S.D.N.Y. 1981) (collecting cases); see also Wolf St.

8

Supermarkets, Inc. v. McPartland, 487 N.Y.S.2d 442, 447 (App. Div. 1985).

In addition, the counter-defendants represent, and the counter-plaintiffs do not contest, that the CBA contained certain exceptions to the Union's otherwise applicable no-strike commitment, and the Union relies on these exceptions in arguing that it was authorized to withhold labor from the job sites referenced in the counterclaims.  The nature of these strikes is an essential aspect of the Second and Fourth Counterclaims, and the counter-defendants argue that the evaluation of these state law claims is thus "inextricably intertwined with consideration of the terms of the labor contract," Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985), and that these claims are preempted.  See, e.g., Dougherty v. American Tel. and Tel. Co., Inc., 902 F.2d 201, 203 (2d Cir. 1990); Heaning v. NYNEX-New York, 945 F. Supp. 640, 645-46 (S.D.N.Y. 1996).  However, the Court cannot evaluate this argument at this time because the provisions of the CBA cited by the counter-defendants are not supported by the actual terms of the CBA provided by the counter-defendants.

## CONCLUSION

The Court has carefully considered all of the parties' arguments and, to the extent not fully addressed in this opinion, finds them to be either moot or without merit.

For all of the reasons explained above, the plaintiff's motion to dismiss the counterclaims (Doc. # 10) is **granted in part** and **denied in part**.

The motion to dismiss the First Counterclaim is **denied**. The motion to dismiss the Second, Third, Fourth, and Fifth Counterclaims is **granted**. Because it is not clear whether the counter-plaintiffs can cure these deficient counterclaims through re-pleading, these counterclaims are **dismissed without prejudice** to the filing of amended counterclaims within **ten (10) days** of the date of the entry of this Order.

SO ORDERED.

Dated:   New York, New York
         July 1*, 2007

_____
John G. Koeltl
United States District Judge